# UNITED STATES DISTRICT COURT
# FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CURTIS SAUNDERS**, | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) |
| | ) **COMPLAINT AND DEMAND** |
| **TORRES CREDIT SERVICES, INC.**, | ) **FOR JURY TRIAL** |
| | ) |
| Defendant. | ) |

## COMPLAINT

CURTIS SAUNDERS ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against TORRES CREDIT SERVICES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, PA 19131.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 27 Fairview St., Ste. 301, Carlisle, PA 17015.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged

to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. The debt Defendant was seeking to collect arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in or around early July 2015 and continuing through August 2015, Defendant repeatedly contacted Plaintiff on his cellular telephone seeking and demanding payment of an alleged debt.

14. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, (866) 756-6804. The undersigned has confirmed that this number belongs to Defendant.

15. Defendant contacted Plaintiff multiple times a week on his cellular telephone, in its attempts to collect the alleged debt.

16. It was aggravating, annoying and harassing for Plaintiff to receive continuous collection calls on his cellular telephone.

17. In response to Defendant's collection calls, on at least one occasion, Plaintiff told Defendant to stop calling him.

18. Despite Plaintiff's clear request, Defendant continued to call Plaintiff on a continuous and repetitive basis.

19. Defendant knew that Plaintiff did not want to be called on his cellular telephone, but continued to do so, with the intent to annoy, abuse and harass

Plaintiff, hoping that such continued calls would cause Plaintiff to make payment on the alleged debt.

20. Finally, in its attempts to collect a debt, Defendant contacted Plaintiff at times when it was inconvenient for him to receive collection calls; specifically, Defendant called Plaintiff after 9:00 p.m. which is a *per se* inconvenient time to receive collection calls.

21. Defendant also placed calls to Plaintiff during other inconvenient times, such as on the weekends.

22. After Defendant continued to call Plaintiff repeatedly on his cellular telephone, Plaintiff was forced to block calls from Defendant's phone numbers by downloading an application on his cellular devise.

23. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## **DEFENDANT VIOLATED §1692d OF THE FDCPA**

24. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Defendant violated §1692d when it placed repeated and harassing telephone calls to Plaintiff and continued to call Plaintiff after he repeatedly requested that the calls stop.

## COUNT II
## DEFENDANT VIOLATED §1692d(5) OF THE FDCPA

28. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated §1692d(5) of the FDCPA when it placed repeated harassing telephone calls to Plaintiff on his cellular telephone with the intent to annoy, abuse or harass Plaintiff.

## COUNT III
## DEFENDANT VIOLATED §1692c(a)(1) OF THE FDCPA

30. Defendant violated §1692c(a)(1) of the FDCPA when it contacted Plaintiff on his cellular telephone time known to be inconvenient, including after 9:00 p.m. local time.

31. Hereto, on several occasions, Plaintiff received calls from Defendant during times that were known to be inconvenient, including after 9:00 p.m. local time.

WHEREFORE, Plaintiff, CURTIS SAUNDERS, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CURTIS SAUNDERS, demands a jury trial in this case.

DATED: 07/26/2016                    KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff Ginsburg
AMY L. BENNECOFF GINSBURG, ESQ.
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com